IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 CR 489 JAR |
| | ) |
| MELVIN HARDY | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR DISCOVERY

COMES NOW defendant MELVIN HARDY, through his attorney, Diane L. Dragan, Assistant Federal Public Defender, and requests the government provide the following discovery items related to its recent disclosure that surreptitious electronic surveillance equipment was used to locate Mr. Hardy on January 9, 2014 and to seize items from the residence.

1. All subpoenas, court orders, and warrants, as well as applications and affidavits in support thereof, for electronic surveillance, and returns thereto.

2. All information obtained via each such subpoena, court order or warrant.

3. All documents identifying the equipment used to identify the geographic location of the defendant's cell phone including the make and model of the equipment and the year it was manufactured.

4. All emails, notes, logs, dispatch recordings, reports (including but not limited to Investigation Detail Reports) and any other documents regarding efforts to identify the geographic location of the defendant's cell phone.

5. All documents describing or reflecting categories of data (e.g. incoming or outgoing telephone numbers, IP addresses; date, time and duration of call; cell site ID; cell site sector; location area code; signal strength; angle of arrival; signal time difference of arrival; ESM or MIN) obtained through real-time tracking of the location of the defendant's cell phone.

6. All documents reflecting the cell site ID and location area code of the device used to monitor the defendant's cell phone.

7. All documents reflecting the GPS coordinates of any device while it was mobile and was used to monitor the defendant's cell phone.

8. All information obtained through real-time tracking of the location of the defendant's cell phone.

9. All reports of investigation, location calculations, and other relevant documents authored and/or signed by the individuals who participated in the investigation to identify the geographic location of the defendant's cell phone.

10. All operator's logs, training records, score sheets, certification records, training standards, and training manuals related to the device used to identify the geographic location of the defendant's cell phone.

11. All reports of investigation, location calculations and other relevant documents reflecting the agencies that participated in the investigation to identify the geographic location of the defendant's cell phone.

12. All test protocols and results of tests performed on the device used to identify the geographic location of the defendant's cell phone prior to deploying the device.  These test results shall include, but not be limited to, base station survey results of the immediate area where the defendant's cell phone was located.

13. All experts' qualifications, summary of expected testimony, list of cases in which any such expert(s) has testified, and summary of the basis for any expert opinion related to testimony regarding the identification of the geographic location of the defendant's cell phone.

14. The name of all individuals who participated in the use of the device in this case in any capacity.

15. All documents reflecting the capacity of the device to locate cell phones while inside of physical structures.

16. All documents reflecting the geographic accuracy with which the device is able to locate the target cell phone.

17. All documents reflecting the path of movement of the device in this case, including both the path the device traveled if used on the inside of a vehicle or mounted on an aerial vehicle and the path the device traveled if carried by human on foot.

18. All documents describing the categories of data (e.g., incoming or outgoing telephone numbers; date, time and duration of call; cell site number/sector or other information pertaining to geographic location of cell phone; signal strength; ESN or MIN; ping time; content of communications) collected by the device from the defendant's cell phone and any other third party cell phones in the area.

19. All documents reflecting the dates, times and locations the device was used in this case.

20. All documents related to any agreements or arrangements with the wireless carrier authorizing the device to become part of its network or authorizing the device to monitor a phone that receives service through its network.

21. All documents pertaining to any forwarding of data from the defendant's phone to the wireless carrier's network while the device was in operation.

22. All documents reflecting the impact of the use of the device on access by the defendant's cell phone to cellular service.

23. All training materials, including but not limited to training records, certification records, training standards, and training manuals related to the device used.

24. All user manuals related to the device used.

25. All underlying data obtained by the device, whether or not pertaining to the defendant's cell phone.

26. All documents reflecting the broadcast radius of the device used.

27. All documents reflecting the number of third party cell phones with which the device exchanged information.

28. All underlying data obtained by the device from third-party cell phones, replacing any actual unique numeric identifiers with substitute numeric identifiers, to protect third-party privacy interests.

29. All documents regarding subsequent use or destruction of third-party data obtained by the device.

30. All documents reflecting the impact of the use of the device on access by third-party cell phones to cellular service.

31. All documents reflecting the data gathered by the device while it conducted base station surveys prior to being used to identify or locate the target cell phone.

32. All policies and procedures governing the devices use including the instructions about what court orders if any to seek, what information to present to courts in seeking court authorization, and standard operating procedures for using devices to locate a suspect cell

phone in place in January of 2014 and any subsequent changes to those policies and procedures to date by any and all agencies involved in the use of the device in this case.

33. Any and all non-disclosure agreements signed by any of the offices or agencies who participated in the use of the device in this case.

34. Any and all minimization procedures or policies in place to reduce the impact of collection of information on third party cell phone users.

35. The defense also requests the device be brought to court for the suppression hearing and its capabilities be demonstrated to the court at the hearing by an individual trained to use the equipment.

Respectfully submitted,

/s/Diane L. Dragan
DIANE L. DRAGAN
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Diane_Dragan@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Cris Stevens, Assistant United States Attorney.

/s/Diane L. Dragan
DIANE L. DRAGAN
Assistant Federal Public Defender