

**U.S. Department of Justice**

United States Attorney
Eastern District of Missouri

*Violent Crime Unit*

---

*Cristian M. Stevens*  *Thomas Eagleton U.S. Courthouse*  OFFICE:  314-539-2200
*Assistant United States Attorney*  *111 S. 10th Street, Rm. 20.333*  DIRECT: 314-539-7651
  *St. Louis, MO  63102*  cris.stevens@usdoj.gov

August 18, 2016

**<u>VIA HAND DELIVERY &
ELECTRONIC SERVICE</u>**
Diane Dragan
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101

In re:  <u>United States v. Melvin Dante Hardy</u>
Cause No. 4:15CR489 JAR (DDN)

Dear Ms. Dragan:

Enclosed, pursuant to the Government's continuing duty under Federal Rule of Criminal Procedure 16(c), are discovery materials bates numbered 708.  The discovery materials are available at my office for your retrieval upon your personally executing a discovery receipt.

Despite my repeated requests for reciprocal discovery pursuant to Federal Rules of Criminal Procedure 12.1(a), 16, and 26.2, you have refused to produce a single page of discovery.  In particular, in your letter of August 4, you confirmed that "Mr. Hardy will deny he was present at Genevieve on the morning of the search warrant," but you have not provided notice of "each specific place where the defendant claims to have been," or "the name, address, and telephone number of each alibi witness," as required under Rule 12.1(a).  Your notice was due within 14 days of the first of my many requests, which was dated November 5, 2015.

Similarly, in your letter of August 4, you insisted that "[t]he defense, at trial, may use evidence in its possession not disclosed under Rule 16 so long as that evidence is only used solely for impeachment purposes."  Be aware that, if you persist in concealing such evidence until trial, and then seek to use that evidence in your case-in-chief to authenticate the evidence, to elicit testimony from your expert, or for any other reason whatsoever, I will move to strike the evidence and any testimony regarding it.

Finally, in your letter of August 4, you claim, "Counsel has noticed you via email of her intent to call Greg Chattin [sic] as an expert witness related to the forensic

evidence recovered from the phones seized by the government." In fact, your e-mail of July 28 stated merely, "Here is the CV of the individual I intend to use if necessary." Rule 16 requires that you permit me to inspect the results or reports of any scientific result or experiment, and that you give me a "written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence." Be aware that, if you persist in refusing to fulfill your obligations under Rule 16, I will move to strike your expert and his testimony.

          Sincerely,

          RICHARD G. CALLAHAN
          United States Attorney

          *s/ Cristian M. Stevens*
          BY:  CRISTIAN M. STEVENS
          Assistant United States Attorney

encls.
cc: Clerk, United States District Court (w/o encls.)