RECEIVED

SEP 1 2 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STAES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MELVIN HARDY,  )<br>  )<br>Defendant.  ) | Case No. 15 CR 489 JAR |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITY OF ST. LOUIS TO QUASH THE SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE DIRECTED TO THE CUSTODIAN OF RECORDS, ST. LOUIS METROPOLITAN POLICE DEPARTMENT

Movant, City of St. Louis ("City"), has filed a Motion to Quash the subpoena to testify at a hearing or trial in a criminal case issued on behalf of Defendant, Melvin Hardy, directed to the Custodian of Records of the City of St. Louis Metropolitan Police Department (SLMPD), all of which ask for records from the St. Louis Metropolitan Police Department ("SLMPD") related to evidence referenced in report CN 15-048757 not involving the defendant in this case. As will be supported by the law and argument below, the subpoena should be quashed. SLMPD no longer has possession of some of the evidence under subpoena. Defendant is also seeking to have Movant disclose records for use in his criminal defense, even though discovery is continuing and ongoing in this case and there has been no showing that the subpoena seeks materials relevant, admissible, or specific enough to serve Hardy's defense, per *Brady v. Maryland*, 373 U.S. 83 (1963).

I.  **BACKGROUND**

On August 18, 2016, SLMPD was served with a subpoena directed to the Custodian of Records to appear, testify, and bring certain records and other items to a hearing or trial on

August 30, 2016. That hearing was continued. SLMPD counsel anticipates a motion to compel or re-issuance of the subpoena. The subpoena states as follows:

> To: Custodian of Records, St. Louis Metropolitan Police Department...[commanding appearance]...[y]ou must also bring with you the following documents, electronically stored information, or objects...:
>
> 1) A copy of the digital photos along with a copy of original associated metadata as detailed on page 13 of [SLMPD] Incident Number CN 15-048757 in connection to the execution of state level search warrant at 6328 Woodland, St. Louis MO on 9/24/2015
> 2) Any/all data retrieved from the 4 cell phones seized as detailed on pg 12 & 13 of [CN 15-048757] re execution of State level search warrant at 6328 Woodland on 09/24/2015 including but not limited to all data, images, mms & sms texts, audio, video, call logs, contacts, & full forensic cell phone extraction results/reports. [sic]

(Motion to Quash Exhibit 1.)

### II. LAW AND ARGUMENT

#### A. Criminal Subpoenas and Discovery Generally

*Brady v. Maryland*, 373 U.S. 83 (1963) states that Due Process requires a prosecutor turn over evidence in its possession that is both favorable to the accused and material to guilt or to punishment. A few years later, *Giglio v. United States*, 405 U.S. 150, 154 (1972) expanded *Brady* to say that the prosecution must also turn over evidence impeaching the credibility of a government witness when the reliability of a witness is crucial to the jury's determination of the defendant's guilt.

Rule 17(c) of the Federal Rules of Criminal Procedure provides in pertinent part that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). A subpoena for documents may be quashed if their production would be "unreasonable or

oppressive." Rule 17(c)(2). The scope of Rule 17(c) is more narrow than the corresponding rule of civil procedure, which permits broad discovery. *United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006). Rule 17(c) was not intended to serve as a discovery device for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698 (1974). Instead, Rule 17(c) seeks to expedite a trial by providing a time and place before trial for the inspection of subpoenaed materials. *Id.* at 698-99. In complex criminal cases, the Supreme Court has noted the utility of using Rule 17(c). *See id.* at 699 n.11. To gain access to the desired documents, the moving party must show that the subpoenaed documents are: (1) relevant; (2) admissible; and (3) requested with adequate specificity. *Id.* at 700; *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000).

### B.   Custody of Evidence and Application of Principles to Subpoena at Issue

SLMPD no longer has custody of any DVD of cell phones seized or DVD of surveillance photos. (Motion to Quash Exhibit 2.) SLMPD does have copies of digital photos of the scene and evidence which are available to counsel today (except for two photos which show a baby/minor child). (Motion to Quash Exhibit 3.) SLMPD does have the cell phone(s) seized and identified in CN 15-048757. The Custodian of Records and counsel for SLMPD have advised defense counsel that the evidence identified on CN 15-048757 including the above-described DVDs has been transferred to the Sheriff's Office via phone calls and letter. (Motion to Quash Exhibit 4.)

The defendant has also not made the requisite showings of relevancy, admissibility and specificity to obtain the materials described in the subpoena. The evidence sought identified in CN 15-048757 does not pertain to defendant Melvin Hardy. Upon information and belief, the prosecution has provided *Brady* materials to defense counsel. If the materials specified in the subject subpoena have not been produced, then their relevancy to this proceeding may at least be questioned, and defendant should have to satisfy the requirements of *Hardy* before these

3

documents may be provided. Absent the requisite showing, the materials under subpoena should not be produced by SLMPD to Defendant. Any records for in camera inspection should then be provided by the prosecution in connection with this case and consistent with the *Brady* materials already produced to Defendant.

### III.  CONCLUSION

On the basis of the foregoing, Movant City of St. Louis requests the subpoena to testify at a hearing or trial in a criminal case issued on behalf of Defendant, Melvin Hardy, directed to the Custodian of Records of the City of St. Louis Metropolitan Police Department be quashed. Should the Court deny this Motion in whole or in part, Defendant respectfully requests additional time of thirty days in which to attempt to comply with the subpoena as directed by the Court.

Respectfully submitted,

MICHAEL A. GARVIN
CITY COUNSELOR

By:  /s/ Raymond B. Flojo

Raymond B. Flojo #50464MO
Asst. City Counselor
Attorney for Movant
1915 Olive St., Room 773
St. Louis, MO  63103
Phone: (314) 444-5609
rflojo@slmpd.org

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court on September 12, 2016, to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Raymond B. Flojo